GIBSON DUNN

Mitchell A. Karlan
Partner
T: +1 212.351.3827
M: +1 917.370.5383
mkarlan@gibsondunn.com

August 17, 2026

VIA ECF

Plaintiff shall file any response to this letter by **August 21, 2026**. So Ordered.

Dated: August 18, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Bulgari v. Boyer*, No. 1:22-cv-5072-LGS-RWL (S.D.N.Y.)

Dear Judge Schofield:

We represent Defendant Veronica Bulgari and write in response to Plaintiff Ilaria Bulgari's August 10 letter asking the Court to set a trial date. Dkt. 621.

Veronica's motion for reconsideration of Your Honor's dismissal of her counterclaims is pending before Your Honor. Dkt 617. If this Court denies the motion for reconsideration based on Ilaria's assignment of all current and future proceeds of the Ilaria Trust to the American-Italian Cancer Foundation, then Veronica respectfully submits that, under this Court's reasoning, Ilaria has no remaining interest in her claims because she too no longer has any interest in the Ilaria Trust, and her complaint must be dismissed as moot for lack of standing. In that event, Veronica seeks permission to move for final summary judgment.

**Relevant Background**

This litigation centers on two trusts known as the Family Trusts. Beginning in 2020, the assets of the Family Trusts were distributed to three new trusts, known as the Article Three Trusts, one for the primary benefit of each of the three Bulgari sisters. Dkt. 1 ¶¶ 22-23; Dkt. 364-3 at Arts. 2(I)(1), 3. In accordance with the governing Family Trust Agreements, none of the assets of the Family Trusts were distributed to any of the sisters personally, but instead to the Article Three Trusts. *See, e.g.*, Dkt. 1 ¶ 47.

Ilaria sued Veronica as trustee of the Family Trusts in June 2022, asserting claims in her individual capacity. Dkt. 1 ¶ 4. In September 2024, Your Honor granted partial summary judgment to Veronica on Ilaria's claims. Dkt. 425 at 17. Only three asserted breaches now remain at issue: (1) Veronica's alleged failure to sufficiently and timely respond to requests for information; (2) Veronica's alleged delay distributing the Family Trust's assets to the Article Three Trusts; and (3) Veronica's alleged influence on the parties' father's decision to stop payments to Ilaria from the unrelated Filicaia Trust.[1]

---

[1] Although the summary judgment order refers to the parties' father's decision to "revoke" the Filicaia Trust, Dkt. 425 at 4-7, Ilaria alleged only that she "was removed as a beneficiary of the Filicaia Trust," Dkt. 360 at 14, and not that Veronica played any role in the Filicaia Trust's revocation. In fact, the Filicaia Trust remained in existence and was not revoked until just recently. Veronica had nothing to do with that decision or the Filicaia Trust more generally. Indeed, the Filicaia Trust is not mentioned anywhere in the Complaint.

**Ilaria's May 6, 2026, Appointment Renders Her Claims Moot For Lack of Standing**

Ilaria's Article Three Trust is referred to as the Ilaria Trust. On May 6, 2026, Ilaria appointed to the American-Italian Cancer Foundation "all of the current principal and income" and "any future principal and income" in the Ilaria Trust, including "for the avoidance of doubt, any principal or income returned to [the Ilaria Trust] as a result of any legal action or proceeding." Dkt. 606-1.

On July 7, 2026, at Ilaria's urging, this Court dismissed Veronica's counterclaims as moot for lack of standing, finding that "as of the May 6, 2026, appointment, Veronica no longer possesses any interest in the Ilaria Trust." Dkt. 615 at 8. Veronica respectfully disagrees and has sought reconsideration. But if the May 6, 2026, appointment rendered Veronica's counterclaims moot, then it mooted Ilaria's claims as well.

Pursuant to the Family Trust Agreement, each sister's beneficial interest in the Family Trust flowed into her Article Three Trust. Dkt. 364-3 at Arts. 2 (I)(1), 3. Ilaria's May 6, 2026, appointment makes the American-Italian Cancer Foundation the primary beneficiary of the Ilaria Trust and Ilaria now retains no pecuniary interest in that trust, including with respect to any recoveries as a result of a legal action like this one. Because Ilaria's interest in the Family Trust was distributed into the Ilaria Trust and Ilaria no longer has any interest in the Ilaria Trust, her claims in this action are moot for lack of standing.

* * * * *

Veronica respectfully proposes the following briefing schedule:

- Summary judgment motion filed within 30 days of any denial of the motion for reconsideration
- Opposition filed within 30 days thereafter
- Reply filed within 14 days thereafter

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Mitchell A. Karlan*
Mitchell A. Karlan
James L. Hallowell

200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035
Mkarlan@gibsondunn.com
Jhallowell@gibsondunn.com

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Michael M. Rosensaft*
Michael M. Rosensaft

50 Rockefeller Plaza
New York, NY 10020-1605
Telephone: 212.940.8800
Facsimile: 212.940.8776
Michael.rosensaft@katten.com

*Attorneys for Defendant Veronica Bulgari*

cc: All counsel of record (via ECF)